# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60125
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 26, 2018

Lyle W. Cayce
Clerk

NEMIAS JOSE VASQUEZ-AJPACAJA; ESTELA MARIA AJPACAJA-CASTRO,

Petitioners

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 273 238
BIA No. A208 273 239

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Estela Maria Ajpacaja-Castro and her minor son Nemias Jose Vasquez-Ajpacaja petition for review of the decision by the Board of Immigration Appeals (BIA) to affirm the immigration judge's (IJ) denial of asylum and withholding of removal. We dismiss the petitions in part for lack of jurisdiction and deny the petitions in part on the merits.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60125

Ajpacaja-Castro and her son claimed persecution on account of her membership in a particular social group. The group they identified to the IJ was "indigenous people threatened with death." They now identify that group as "indigenous people" and possibly "indigenous women." To the extent that their reformulated particular social group materially differs from the group they identified to the IJ, and to the extent that they failed to exhaust their administrative remedies on this group, we lack jurisdiction to consider their petitions for review. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318-19, 322 (5th Cir. 2009); *Hongyok v. Gonzales*, 492 F.3d 547, 550 (5th Cir. 2007).

To the extent that their reformulated particular social group is exhausted, and even if indigenous people are a cognizable particular social group, substantial evidence supports the IJ's finding that there was no nexus between the claimed past persecution and Ajpacaja-Castro's ethnicity. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Ajpacaja-Castro and her son, who are represented by counsel, have inadequately briefed the issue of future persecution. *See Garrido-Morato v. Gonzales*, 485 F.3d 319, 321 n.1 (5th Cir. 2007). Their failure to establish eligibility for asylum is dispositive of their eligibility for withholding of removal. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Accordingly, the petitions for review are denied in part on the merits.

DISMISSED IN PART for lack of jurisdiction; DENIED IN PART.